IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

U.S. BANK, NATIONAL ASSOCIATION, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:12-CV-1505
     :
ROBERT J. FASANO, :
    Defendant :

*M E M O R A N D U M*

*I.    Introduction*

This is an action for mortgage foreclosure, brought by Plaintiff U.S. Bank, National Association, as trustee for MASTR Asset Backed Securities Trust 2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4. Presently before the court is Defendant Robert Fasano's motion to dismiss the complaint (Doc. 3).

*II.    Background*

The following facts are alleged in Plaintiff's complaint. Defendant owns a parcel of real property identified as 5717 West Clover Court, Long Pond, PA 18334. Defendant mortgaged this property to WMC Mortgage Corp. ("WMC") in order to secure a loan. WMC later assigned the mortgage to Plaintiff. The mortgage is now in default; hence, the entire principal and other charges (including interest, late charges, escrow advances, and a property inspection charge) are immediately due.

Plaintiff filed the instant case on August 2, 2012. On September 14, 2012, Defendant moved to dismiss the complaint. Defendant contends, first, that Plaintiff lacks standing to maintain this action, and second, that the complaint fails to state a claim upon which relief may be granted.[1] Plaintiff filed a brief in opposition to

---

[1] Defense counsel also filed an affirmation (Doc. 3-1), wherein he asserted that the complaint does not meet certain verification requirements under an unidentified law of Pennsylvania. Because this argument is not raised in the motion or the supporting brief, we will disregard it.

Defendant's motion to dismiss on September 28, 2012. The time for filing a reply brief has expired, and Defendant's motion is now ripe for review.

*III.     Legal Standard*

When reviewing a motion to dismiss for failure to state a claim, under Rule 12(b)(6), we must accept all of Plaintiff's factual allegations as true, construe them in the light most favorable to Plaintiff, and determine if, "under any reasonable reading of the pleading, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). Our analysis consists of two parts: first, separating the "legal elements of a claim" from the factual allegations, and second, determining whether the factual allegations "show" a plausible entitlement to relief. Id. at 210-11.

*IV.     Discussion*

Defendant argues that Plaintiff lacks standing, and that the complaint fails to state a claim upon which relief may be granted, for the same reasons. Specifically, Defendant observes that a copy of a promissory note, wherein Defendant promises to make monthly payments to WMC, is attached as Exhibit B to the complaint. However, the allegations of the complaint do not describe the disposition of the promissory note from WMC to Plaintiff, nor does Plaintiff allege in the complaint to be the holder of the original copy of the promissory note. Defendant contends that, in the absence of such allegations, Plaintiff has no standing to bring this action, and the complaint fails to state a claim upon which relief may be granted.

According to Defendant, in order for a party other than the payee of a promissory note to enforce the note, the note must have been delivered to that party

with the intent to convey to that party the right to enforce the note. Furthermore, Defendant insists that only a party with actual possession of a promissory note has the right to enforce the note. Defendant asks us to dismiss the complaint as a result of Plaintiff's failure to allege that these requirements are satisfied.

The first of the two requirements described above is not applicable in this case, because the note at issue here is indorsed in blank. The note contains a promise that payments will be made to the order of WMC, (see Doc. 1-2 at 20), but WMC indorsed the note in blank, (see id. at 22), and therefore, the note is payable to its holder and may be transferred by possession alone. See 13 Pa.C.S. § 3205(b).

Turning to Defendant's other argument, we agree that Plaintiff must be in possession of the promissory note in order to enforce it. See 13 Pa.C.S. § 3301.[2] Indeed, Plaintiff does not dispute the applicability of this requirement. Rather, Plaintiff contends that it has standing because it is the holder of the mortgage and the promissory note. Plaintiff also contends that paragraph 6 of the complaint, which avers that "Plaintiff is an assignee of the Mortgage[,]" is "sufficient to apprise the Defendant that Plaintiff is the real party in interest entitled to enforce the rights under the Mortgage." (Doc. 6 at 8.)

Defendant invites us to hold Plaintiff to a more exacting pleading burden. Specifically, Defendant argues that Plaintiff's failure to allege "possession of the original ink copy of the promissory note" strips Plaintiff of standing. (Doc. 4 at 2).

---

[2] In certain circumstances not presented in this case, a person not in possession of an instrument may nevertheless enforce it. As noted in 13 Pa.C.S. § 3301, such a person may be entitled to enforce an instrument "pursuant to section 3309 (relating to enforcement of lost, destroyed or stolen instrument) or 3418(d) (relating to payment or acceptance by mistake)." In this case, however, it appears that neither of those provisions is applicable.

3

Defendant cites no legal authority to support this proposition, and we are not persuaded that such letter-perfect pleading is required. Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement" showing entitlement to relief. In light of this language, we are not convinced that Plaintiff's pleading burden is as strict as Defendant contends. Admittedly, an allegation that Plaintiff holds the promissory note would be desirable for the purpose of showing Plaintiff's eligibility to enforce the note. However, Defendant has failed to persuade us that dismissal is warranted merely by the absence of this specific allegation.

Our review of the complaint leads us to conclude that it is sufficient to survive Defendant's motion to dismiss. The complaint alleges that Plaintiff is the assignee of the mortgage, (Doc. 1 ¶ 6), and that the promissory note was "executed . . . as evidence of the debt secured by the Mortgage[,]" (Doc. 1 ¶ 8). A reasonable reading of these allegations may suggest that an assignment of the mortgage would be accompanied by an assignment of the note. Furthermore, Plaintiff attaches a copy of the note as an exhibit to the complaint. Not only does the copy show a blank indorsement, (Doc. 1-2 at 22), but also, the fact that Plaintiff attached the copy suggests that Plaintiff may, at least plausibly, be in possession of the original note. Under these circumstances, we conclude that the complaint shows a plausible basis for standing and a plausible entitlement to relief. Thus, we reject Defendant's contentions that the complaint fails to establish Plaintiff's standing or state a claim upon which relief can be granted, and we will deny the pending motion to dismiss.

*IV.	Conclusion*

For the reasons set forth above, we will deny Defendants' motion to dismiss. We will issue an appropriate order.

                                                  /s/ William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge

Date: October 25, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

U.S. BANK, NATIONAL ASSOCIATION, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:12-CV-1505
     :
ROBERT J. FASANO, :
    Defendant :

*O R D E R*

AND NOW, this 25th day of October, 2012, upon consideration of Defendants' motion (Doc. 3) to dismiss Plaintiff's Complaint, and for the reasons stated in the foregoing memorandum, it is ORDERED that said motion is DENIED.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge